Thank you for your time. Thank you. Thank you. Thank you. Ms. Linnon, whenever you're ready. Before you start, we know you're appointed for Mr. Armstrong, so we want to thank you on his behalf and on the court's behalf for taking on the case. I want to say thank you. We really appreciate it. I want to say thank you to the court. This is a significant issue and it has genuinely been my pleasure to work on this and represent Mr. Armstrong. So, thank you. May it please the court, my name is Valerie Linnon and I represent the appellant in this case, John Armstrong, Jr. Just to be sure, may I reserve three minutes for rebuttal? Thank you. The question before the court today is actually on remand from the Supreme Court and that's whether convictions for federal bank robbery and attempted bank robbery constitute crimes of violence under Section 924C. And the answer is no to both. The attempted federal bank robbery is much easier because in United States v. Taylor, the Supreme Court has already said that attempt requires nothing more than mere intention and that is not enough to satisfy the physical force, threat of force under 924C. That's count 10, right? Yes, Your Honor. Yes, it is count 10, excuse me. And under the federal bank robbery statute, the substantive statute as well, the answer is also no. The plain language of Section 2113A plainly states that federal bank robbery can be committed by extortion and by intimidation. Extortion is much easier than intimidation because the United States Supreme Court has already defined it and said that it can be committed in a nonviolent way. So the judicial inquiry stops right there. Because it can be committed by extortion, there's no need to go any further. But if this court does look to the intimidation part of it, and I understand this court's prior decisions in the Sam's case saying that intimidation in the bank robbery sense is inherently threatening, but federal law defines intimidation differently. Under 18 U.S.C. 1514 sub D, it says it defines intimidation as a serious act or course of action by a person that causes fear or apprehension. Apprehension doesn't necessarily mean physical force or threatened use of force. So by the plain language of this statute, it's not ambiguous. We don't need to go any further. We don't need to dissect or graph sentences that way. It can plainly be violated without the use of force or the threatened use of force. How does divisibility play into this whole puzzle? Your Honor, I understand divisibility. I would caution the court because the Supreme Court did not get into divisibility in the Taylor case. And if we start dividing out statutes and graphing statutes like it's a grade school exercise, then we're going to be doing that in every criminal case that comes up after that or in a lot of cases. We've already done that. We're so far beyond that. I mean the categorical approach forces us and the Supreme Court to revisit the issue for us every month. The Supreme Court every couple of years and they fine tune and they fine tune and we're back here again. Didn't we recently do divisibility with regards to a Georgia robbery statute? Yes, Your Honor. I would point out to the court here that Congress included extortion and intimidation in the same subsection of the statute because Congress is responsible for writing these statutes. They didn't move those into a separate subsection. So I would caution the court against it in that regard. Taylor doesn't really abrogate our Sam's decision, doesn't it? It doesn't really call it into question. Not specifically. And to be clear, Taylor was, it was about attempt. And aren't we as a not an en banc panel, aren't we bound by Sam's? Yes, Your Honor. And I completely understand that and recognize that. And I just would put this on the record that the Third Circuit has defined intimidation and nonviolent means and gave very specific examples of how that can be accomplished. And so this court holds one thing, the Third Circuit holds another thing and yet again here we are with 924C, another issue for the courts, for the Supreme Court to resolve. So you think, let me see if I understand what you're saying. If we, putting Sam's aside just for a second, if we conduct a divisibility analysis on section 2113A, if we decide that robbery on the substantive side and extortion are different crimes and not just different means of committing the same offense, you still think we have to do the intimidation analysis? Yes, Your Honor. And again, I would just say, you know, they didn't say subsection A, bank robbery by force, subsection B, bank robbery by other means. It's all in one. And so that doesn't require the government to prove in every single case beyond a reasonable doubt that the defendant used force or that he threatened the use of force. And if there are no further questions from the court, I would like to reserve my remaining time for rebuttal if that's all right with the court. Sure. Thank you. Chang, whenever you're ready. Good morning. And may it please the court. Emily Chang on behalf of the United States. So I want to dive right into divisibility since the court raised it. 2113A is divisible, and this court already held as much in SAMS. 2113A criminalizes three distinct offenses, bank robbery, bank extortion, and bank burglary. And we can put bank burglary to the side because it's in the second paragraph, but let's focus on bank robbery and bank extortion. SAMS resolves this issue because in SAMS, this court held that bank robbery is a crime of violence under Section 924C. It evaluated in doing that, in holding that, this court evaluated whether force and violence and intimidation involved the use, attempted use, or threatened use of force. If extortion were just another means of committing bank robbery, this court necessarily would have also had to evaluate whether extortion involved the use, attempted use, or threatened use of force. But it didn't. And that was a critical omission because in only evaluating force and violence or intimidation and then holding that bank robbery is a crime of violence, this court necessarily held that bank extortion is a completely different offense. Well, I understand your point about SAMS potentially binding us, but we were conducting a very different analysis, type of analysis back then than the Supreme Court is mandating now. So I'm not sure we can sort of go back into the mind of the SAMS panel to figure out what it necessarily had in mind when it came to its holding. Well, and actually I'm glad you raised Taylor because Taylor actually only relates to attempted Hobbs Act robbery. It does not relate to completed Hobbs Act robbery. What did we say about attempt before Taylor? In St. Hubert, this court evaluated attempt under the general attempt, you know, the general principles of attempt of intent plus a substantial step. You said it qualified. Correct. However. The Supreme Court said, uh-uh, made a mistake. That is correct. But the answer is still that attempted bank robbery is still a crime of violence because what this court did not evaluate in St. Hubert was the text of the statute. And the text of the statute demands, it compels the conclusion that federal bank robbery is a crime of violence. And that's because of the way that the text is worded. So if you look at the Hobbs Act robbery, it criminalizes robbery and then the attempt to commit the robbery. That structure lends itself to the general attempt principles of intent plus a substantial step. But section 2113A says whoever by force and violence or intimidation takes or attempts to take. So we take the universe of conduct. We cut out any conduct that occurs by force and violence or intimidation. And within that universe, if there's a taking or an attempted taking, that is what is criminalized by section 2113A. If it didn't occur by force and violence or intimidation, it's not within the purview of the statute for attempted bank robbery. That is why attempted bank robbery remains a crime of violence even after Taylor. Say that again? But the whole Taylor thing is that you can take an attempt, you can commit an attempt without committing any of the substantive elements of the offense. You just have to take a substantial step towards completion. So for example, if you decide I'm going to go rob a bank and I'm going to do it by force and violence. So I'm going to go buy a gun and I'm going to go buy a ski mask and I'm going to go buy plastic binders and the whole thing and notes to write to the teller and all that. And you walk up to the bank and before you walk in, you're arrested. You haven't done any of the force or violence things to anybody. Exactly. Nobody has seen you. You say that qualifies as a crime of violence? That does not qualify, no. Because that's not attempted bank robbery under section 2113A first paragraph. That's attempted bank burglary under 2113A second paragraph. Why? Because you have the intent to enter, you attempt to enter and then you take substantial steps but you don't qualify under the first paragraph because you didn't attempt. Your attempted taking did not involve force and violence or intimidation. There was no attempted taking. You never even got to that. You had the intent to do so. Right. That's why it's the second paragraph. The structure of the first paragraph, because of the way the force clause precedes the takings and attempted takings clause, that modifies the attempted takings clause. It makes no sense to me. The natural reading of the statute is that you, okay, perhaps I can help with another statute. So there are three other statutes in the federal- That doesn't require that you take a substantial step with regards to the elements of the offense. That it- You're saying that's different for 2113A bank robbery? Versus, yes- Tell me, give me a case that says that anywhere in the country. So actually there are three. There are three cases that say that Ballew out of the Fifth Circuit, Thornton out of the Seventh Circuit and Collier out of the Second Circuit all hold, because they analyzed the text of the statute- Pre-Taylor or post-Taylor? These are all pre-Taylor, however, the Taylor analysis doesn't even affect 2113A because the way that 2113A is structured textually is completely different than the way the Hobbs Act robbery statute is structured. If you have, as in the Hobbs Act robbery, where you criminalize robbery and then the attempt to commit the robbery, that lends itself to the intent plus substantial step analysis. But 2113- How do you prove an attempt, under your theory, how do you prove an attempt to commit bank robbery by force and violence? So the conduct that would fall within the purview of 2113A, first paragraph, are exactly the facts in this case. And that is, in this case in particular, for example, because you're asking for facts, they went to the bank, they held guns to the heads of the bank employees, but the bank alarm went off so they weren't allowed to actually take any money. But in the attempt to take, they used force and violence or intimidation. That's what puts it in the purview of section 2113A, first paragraph. Now had they done, in your hypothetical, they get ready, they have their materials, and then they get caught before they get to the bank? Those are the facts in Ballou and Thornton, and those convictions were reversed under section 2113A because they're not attempted bank robberies. They may be attempted bank burglaries, but the government didn't charge them that way. So they were appropriately reversed. But these facts are different. So in sum, attempted bank robbery always requires force and violence or intimidation. The statutory text expressly requires that by putting the means by which the attempted taking must occur in the front of the statute. And you can look at, these aren't mentioned in the briefs, I'm happy to file a 28J letter with them, but in section 1036, section 1509, and section 1860 of the criminal code are three other statutes that are similarly structured, where it says whoever by, for example, fraud or false pretense attempts to enter, then blah, blah, blah, shall be punished. That sets aside, it prescribes the means by which the conduct must be committed in order to fall within the purview of the statute. And that's exactly what we have here in section 2113A, first paragraph. Turning back to divisibility, because I want to make sure we talk about that. Under Mathis, so Sam's is binding on this court, but even if we went back and did a completely new analysis, using the outline that the Supreme Court set forth in Mathis, how do you tell the difference between elements and means? They said, look at the statute, look at case law, look at jury instructions, and look at the indictment. All four of those show that bank extortion and bank robbery are two completely different offenses. Bank extortion is not just another way of committing bank robbery. First, looking at the statute, there are two by clauses in section 2113A. One is you can take or attempt to take money by force and violence or intimidation, or you can obtain money by extortion. So the structure of the statute itself lends itself to the conclusion that bank robbery and bank extortion are two different offenses. And this makes sense from a common law perspective, because robbery at the common law was taking without consent, and bank extortion is a completely different concept of obtaining with illegally obtained consent, but you're obtaining it with consent. The case law in SAMS, as I explained before, supports this notion as well. If bank extortion were just another means of committing bank robbery, this court would have necessarily had to evaluate whether extortion involved use or attempted use or threatened use of force before concluding that bank robbery as a whole is a crime of violence. The indictment in this case only charges that the attempted taking occurred by force and violence or intimidation, and this circuit's 11th Circuit pattern jury instructions for bank robbery don't mention extortion at all. It does mention force and violence or intimidation, however. So even under the Mathis analysis, it is clear in four check marks, in four different ways, why bank extortion and bank robbery are two distinct offenses. Can I ask you a question? Do we need to conduct a divisibility analysis if we're bound by SAMS? No, you do not, because SAMS forecloses the defendant's arguments in this case. As to counts 9 and 10. Right. Yes. Well, actually, as so... No, not as to count 10, because count 10 is really a Taylor analysis. Right, exactly. Well, count 10 is the attempted bank robbery analysis, which is not affected by Taylor because of the textuals, the unique textual structure of 21138. That's why general attempt, the intent plus substantial step analysis, the general attempt principles don't apply to section 2113A, because 2113A is written completely differently than Hobbs Act robbery, and Taylor related to the attempted Hobbs Act robbery, not to attempted bank robbery. So, you know, at the end of the day, the Supreme Court vacated and remanded for further consideration in light of Taylor. The answer to that is, this court previously held, you know, on the previous appeal in this case, that attempted bank robbery is a crime of violence, and based that conclusion on St. Hubert. Well, St. Hubert is abrogated now, and the reasoning of that was wrong. But the conclusion is still correct, but for a different reason. And that's because the textual structure of 2113A demands the conclusion that attempted bank robbery requires that the attempt to take and be done by force and violence or intimidation. Can I ask you a question? Of course. We have another case, the Alvarado-Linares case. Are you familiar with that case? No, I'm not. Okay. Well, in that case, we said that we read Taylor to hold that where a crime may be committed by the threatened use of force, an attempt to commit that crime, i.e., an attempt to threaten falls outside the elements clause. Wouldn't that require us to reverse on count 10? Well, which statute did that cover? I mean, unless that related to 2113A, and I did a very recent research on that. There is no decision from this court recently or at any point relating to this post-Taylor. So if that related to a different statute, you'd have to look at the way that statute is structured to determine whether or not the general attempt principles should apply. If it's structured like the Hobbs Act, then yes, that's fine, but that's not what we have here. What we have here is section 2113A, which is structured in a very particular way. And like I said, it carves out conduct that occurs by force and violence or intimidation, and within that universe, if there's an attempt to taking, that's what's within the purview of the statute. If the attempted taking did not involve force and violence or intimidation, then it's not a crime under 2113A, first paragraph. It's not an attempted bank robbery. So unless the court has further questions, we'd ask that the court affirm Armstrong's convictions, all of them, the bank robbery convictions, the attempted bank robbery conviction, as well as all the 924C convictions that are based on those predicates. Thank you. Thank you very much. Your Honor. She had some time that she took from the initial argument. I think she's got like six or seven minutes left. Your Honors, we just spent a lot of time talking about what Congress said and what Congress meant. Well, the natural reading of the statute is that this is all one and together. Reading the statute to say what it means and means what it says, 2113A does not constitute a crime of violence under 924C. And I understand this court is bound by precedent and SAMS to the extent it does not conflict with Taylor, but the way the statute is written as a whole, it does not require the government to prove in every single case the use of force or the threatened use of force. If Congress intends for this statute to qualify under 924C, then let Congress fix it. But that doesn't get you the whole way. One of Ms. Chang's arguments is that 2113A and its attempt language is wholly different than most other, if not all other, attempt statutes in the United States Code. Given the way that the statute's language reads and the way the provision is structured, that you cannot commit an attempt under Section 2113A without actually using force or violence. And I disagree. Tell me why. So, let me just read what the way Justice Gorsuch wrote this. He didn't write it specific to the Hobbs Act robbery statute, this is what he said. Nothing about specific to Hobbs Act robbery. He says, but an intention is just that, no more. And whatever a substantial step requires, it does not require the government to prove that the defendant used, attempted to use, or even threatened to use force against another person or property. They don't limit it, he didn't limit the discussion to just Hobbs Act robbery and Taylor. It's attempt in general, attempt in general under all statutes and all principles of law. But he also says, the only relevant question is whether the federal felony at issue, so obviously you have to look at the particular statute and the felony statute at issue, always requires the government to prove beyond a reasonable doubt as an element of its case the use, attempted use, or threatened use of force. So, you do need to look at what the potential statutory language says, correct? Correct. And like we discussed before, if Congress had intended for intimidation or extortion to be separate crimes, then they would have separated it out into a separate subsection. They did not. But this statute has been around for a while and Congress drafted differently without knowing that the Supreme Court was going to embrace a categorical approach and that statutes had to be written in a certain way at a certain time. I mean, just as an instinctive common law matter which Ms. Chang alluded to, robbery and extortion are not the same crimes, whether under common law or even the model penal code. They deal with the taking of property, sure, but under very, very different circumstances. Why should we read 2113A if we get to a divisibility analysis to read those two crimes as being just means? If I understand the question correctly, because I think my mind is spinning here while we're talking, but I don't think we need to get to the divisibility analysis. I think that the statute says what it means and means what it says. Which is what? Which is that bank robbery can be accomplished in multiple different ways, not just by threat to force and the government doesn't have to. It can be, if you look at the very first sentence of 2113A, it says, whoever by force or violence or by intimidation. Those are the three means, right? Force, violence, or intimidation. Okay. So why don't those three qualify? Because intimidation, and I understand this court's prior definition of intimidation, but looking at federal statute, looking at other courts, intimidation is just apprehension or harassment. That's not force or violence. And I think we have addressed this. If there are any further questions from the court, I would ask the court to reverse Mr. Armstrong's conviction. How would you have us interpret intimidation in 2113A? And I would ask the court to interpret that according to federal statute, which is the 1514D, which says that it's conduct that causes fear, that would be violence, threat of violence, or apprehension, that would be harassment. That's how the Third Circuit interpreted it. And if we do that, you say we conclude at the end of the day that it is too broad. Too broad and not a 924. It qualifies under the categorical approach. Yes, Your Honor. Okay. Thank you. David Flynn, thank you very much. Ms. Chang, thank you very much as well.